**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

ROY HAYDEN SMITH and
DOROTHY SMITH                                                                           PLAINTIFFS

VERSUS                                                        CIVIL ACTION NO. 2:05CV113-P-B

AMERICAN GENERAL FINANCIAL
SERVICES, INC., et al                                                                   DEFENDANTS

**MEMORANDUM OPINION**

This cause is before the Court on plaintiffs' Motion to Remand [13]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

PROCEDURAL HISTORY

Roy and Dorothy Smith filed a complaint in the Circuit Court of the First Judicial District of Tallahatchie County on May 11, 2005. The complaint named American General Financial Services, Inc., American Security Insurance Company, American Reliance Insurance Company and Central Insurers of Grenada, Inc. as defendants.[1] The Smiths seek recovery under state law theories of negligence, breach of contract and breach of the duty of good faith and fair dealing as concerns insurance coverage on the Smiths' home and American General Financial Services' status as an additional insured.

---

[1] The Complaint also named a number of fictitious defendants. In accordance with 28 U.S.C. § 1441, the Court will disregard the citizenship of the Doe defendants.

American General, American Security and American Reliance removed the case to federal court on June 16, 2005, asserting jurisdiction based on 28 U.S.C. § 1332, the diversity statute. The plaintiffs filed a timely motion to remand in which they contend this Court lacks subject matter jurisdiction. The matter has been fully briefed and is ripe for decision.

The Smiths are citizens of Mississippi. American General and American Security are Delaware corporations having their principal places of business in Indiana and Georgia respectively. American Reliable is an Arizona corporation with its principal place of business in Arizona. However, as Central Insurers of Grenada is a corporation organized under the laws of the State of Mississippi and having its principal place of business in said state, complete diversity is lacking for purposes of subject matter jurisdiction. Hence, the propriety of removal turns on whether Central Insurers was fraudulently joined for the purpose of defeating federal jurisdiction.[2][3]

FACTUAL BACKGROUND

On or about July 23, 2001, Mr. and Mrs. Smith obtained a loan through First Horizon Money Center, a division of First TN Bank NA; the loan was secured by a second mortgage on the Smiths' home.[4] First Horizon assigned the loan and accompanying mortgage to American General in 2002. The loan documents accorded the mortgagee the right to procure insurance to protect its security interest in the Smiths' home in the event it became uninsured.

---

[2] Plaintiffs concede that the amount in controversy exceeds § 1332's jurisdictional minimum.

[3] The citizenship of a fraudulently joined defendant must be disregarded when considering whether the diversity requirement is satisfied. Badon v. R.J.R. Nabisco Inc., 224 F.3d 382, 389 (5th Cir.2000).

[4] The Farmers Home Administration held the first mortgage on the property.

At the time of the loan assignment, the Smiths had insurance coverage in effect. However, their insurance carrier ceased writing homeowners' coverage in Mississippi in February 2003, thereby forcing the Smiths to seek replacement coverage through their insurance agency, Central Insurers of Grenada. The plaintiffs submitted an application for fire and casualty coverage to American Reliable Insurance Company on April 4, 2003. American Reliable accepted the application and issued a policy effective April 5, 2003.

However, because the insurance application prepared by Central Insurers listed only "USA Acting Through Rural Housing Service, ISAOA" as an additional insured, the new policy issued by American Reliable failed to list American General as an additional loss payee.[5] Accordingly, American Reliable forwarded no notices or other documentation to American General.

When the Smiths' prior coverage lapsed, their home became uninsured according to American General's records. American General, therefore, sent the Smiths a letter on May 19, 2003 requesting proof of insurance. Dorothy Smith immediately contacted American General's local office in Greenwood, Mississippi to inform the creditor of their new policy; at the same time, she contacted Central Insurers and requested the agency to provide American General with the required proof of insurance.

Notwithstanding her efforts, American General sent the Smiths another letter dated June 9, 2003, again requesting information regarding their homeowner's coverage. In addition, American General's Greenwood branch contacted the Smiths on several occasions about the purported lapse

---

[5] The insurance application bears Roy Smith's signature. Despite this fact, the Complaint alleges that "the Smiths believed that the policy continued to list Farmer's Home Administration and American General Financial as mortgagees or loss payees." Complaint at p. 3.

in coverage. On each occasion, Mrs. Smith informed the caller of the American Reliable policy.

Mr. Smith also visited Central Insurers in person during this period of time and requested that the agency furnish American General with proof of coverage. Central Insurer's employee, Lynn Simmons assured him that she had already done so on a previous occasion; nonetheless, she faxed the requested proof of insurance while Roy Smith was present.[6]

In spite of everything, the Smiths received another letter from American General dated June 24, 2003 notifying them that American General had procured collateral protection insurance with American Security Insurance Company due to their failure to provide proof of insurance. The letter also informed the Smiths of the policy period and that the $512.20 policy premium would be added to the principal balance of their loan. True to its word, the premium charge appeared on the Smiths' July 2003 billing statement.

On or about July 25, 2003, Roy Smith asked his daughter Lisa to fax a copy of the declarations page for the American Reliable policy to the attention of "Dianne" at American General's Greenwood office. After doing so, she contacted Dianne to verify the transmission and inquired as to the sufficiency of the documentation provided. Dianne assured her that the information was acceptable proof of insurance.

---

[6] Defendants assert that Central Insurers' records belie the Smiths' assertions that they asked the agency to provide American General with proof of insurance at any time prior to the mortgagee's placement of coverage with American Security. Viewed in a vacuum, that is true. However, reference to Central Insurers' contact notes indicates activity pertaining to the Smiths' insurance account on May 30, 2003 and June 20, 2003. The entry for May 30, 2003 reads: "Bilbo mailed USDA showing them as mortgagee on his policy . . . ." Likewise, the entry for June 20, 2003 states: "Faxed USDA copy of farmowners." In light of all the facts, it is reasonable to infer that these contact notes memorialize the Smiths' requests for proof of insurance and Central Insurers' prompt effort to furnish same to what would appear to be the wrong mortgagee.

Dianne immediately contacted Central Insurers and requested that American General be added to the American Reliable policy as an additional insured. Central Insurers processed a Commercial Policy Change Request form the same day. American Reliable processed the request, added American General as an additional loss payee and issued a new declarations page for the policy and delivered it to Central Insurers. Central Insurers forwarded the amended declarations page to the Smiths and American General on September 17, 2003.[7]

STANDARD OF REVIEW

It is axiomatic that the party seeking removal bears the burden of proving the jurisdictional prerequisites. Where the basis for removal is diversity jurisdiction based on an allegation of fraudulent joinder, the defendant bears a heavy burden in establishing the right to a federal forum. The removing defendant must present clear and convincing evidence of fraudulent joinder in order to avoid remand. Rogers v. Modern Woodmen of America, 1997 WL 206757, *2 (N.D. Miss. 1997).

Fraudulent joinder may be proven in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644 (5th Cir. 2003). Only where a plaintiff cannot posit a reasonable basis for predicting that state law would allow recovery may a defendant prevail on an allegation of fraudulent joinder.

---

[7] So ends Central Insurers' factual involvement in the case at hand. For clarity's sake, the record reflects that the Smiths' home was destroyed by fire on August 13, 2003–prior to the issuance and delivery of the amended declarations page. American General canceled its policy with American Security and credited the premium refund to the Smiths' loan account on October 7, 2003. Then, inexplicably, American General reinstated the charges on the Smiths' October 17, 2003 loan statement. Those charges remained on the Smiths' account and they paid them in full. Finally, on October 27, 2003 American Security denied the Smiths' claim based on its policy's "other insurance" clause.

The existence of a cognizable claim is to be determined by reference to the allegations contained in the plaintiff's state court pleadings. Ironworks Unlimited v. Purvis, 798 F. Supp. 1261, 1263 (S.D. Miss. 1992). The Court is also free to pierce the pleadings by considering summary judgment-type evidence such as affidavits and deposition testimony. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990). But in doing so, however, the Court must remain mindful not to overstep its province by transforming the jurisdictional inquiry into one that is merits-based. B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). In determining whether the joinder of a party was fraudulent, the district court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). Similarly, any uncertainties in the substantive law must also be resolved in favor of the plaintiff. Head v. United Ins. Co. of America, 966 F. Supp. 455, 457 (N.D. Miss. 1997).

## LEGAL ANALYSIS

Plaintiffs' complaint asserts three state law theories of recovery against each of the defendants: negligence, breach of contract and breach of the duty of good faith and fair dealing. If a possibility of recovery exists under any of the above theories, then there is no fraudulent joinder and remand is necessary.

As did the plaintiffs, the Court here focuses on the Smiths' negligence claim against Central Insurers, as it is dispositive. In the instant case, the Complaint alleges facts, which if true, support recovery under the negligence theory advanced by plaintiffs. The Smiths advance two alternative negligence theories against Central Insurers. In the first instance, plaintiffs urge that Central Insurers acted negligently in failing to include American General as an additional insured/loss payee on the

6

April 2003 insurance application.[8] As a second matter, the plaintiffs urge that Central Insurers undertook the responsibility of submitting proof of insurance to American General on behalf of the Smiths. They allege that Central Insurers knew the Smiths were relying on the agency to take the necessary steps to ensure American General received adequate proof of insurance coverage. Furthermore, Central Insurers knew, or reasonably should have known, that the failure to provide the necessary proof of coverage would subject the Smiths to additional insurance premiums and other damages. Higgins Lumber Co. v. Rosamond, 63 So.2d 408, 401 (Miss. 1953) supports plaintiffs' theory. The Higgins opinion observes:

> "It is a familiar principle of the law of agency that, when one party intrusts the transaction of a matter of business to another who enters upon the execution of his agency, though the undertaking is gratuitous, and does it amiss through want of due care, and as a proximate consequence of such negligence, damage ensues to the principal, the agent is liable to the principal in an action on the case as for such misfeasance."

Id. at 410 (quoting from Meyerson v. New Idea Hosiery Co., 115 So.94, 97 (Ala. 1927). The opinion also relied on the principle outlined in Restatement of the Law of Agency, § 378:

> "One who, by a gratuitous promise or other conduct which he should realize will cause another reasonably to rely upon the performance of definite acts of service by him as the other's agent, causes the other to refrain from having such acts done by other available means is subject to a duty to use care to perform such service or, while other means are available, to give notice that he will not perform."

Id.

---

[8] Mississippi law authorizes a cause of action against an insurance agency for negligence in handling insurance business on behalf of its insured. Taylor Mach. Works, Inc. v. Great American Surplus Lines Inc. Co., 635 So.2d 1357, 1361-62 (Miss. 1994). One who undertakes to obtain coverage on behalf of another is required to exercise the same degree of care that a reasonably prudent man would exercise in the conduct of his own business. Security Ins. Agency, Inc. v. Cox, 299 So.2d 192, 194-95 (Miss. 1974). The Court makes no comment on the likelihood of recovery on this aspect of plaintiffs' negligence action.

Viewing the contested issues of fact in the light most favorable to plaintiffs, the Smiths contacted Central Insurers on at least two occasions–once by telephone and again in person--prior to June 24, 2003 and asked Central Insurers to provide American General with the necessary proof of coverage. The plaintiffs' affidavits provide sworn testimony that Lynn Simmons, an employee of Central Insurers, accepted the task, as a result of which action the plaintiffs refrained from furnishing American General with proof of coverage by other means. Finally, it is without dispute that Central Insurers failed to do so, thereby resulting in the placement of the American Security policy and the imposition of premium charges on the Smiths' loan account.[9] Central Insurers' actions on and after July 25, 2003 cannot insulate it from liability, because by that point the Smiths had already suffered injury.

Based on the foregoing, the Court cannot say there is "no possibility" of recovery under the negligence claims raised in the Complaint.[10] Hart v. Bayer Corporation, 199 F.3d 239 (5th Cir. 2000). Again, the test is not whether the plaintiffs will recover, or even whether they will "probably" recover, but whether there is a "reasonable basis for predicting that the state law might impose liability on the facts involved." Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003). In such a situation, this Court is under a duty to remand the action to state court.

CONCLUSION

Based on the foregoing facts and analysis, the Court finds that the plaintiffs' Motion to

---

[9] At best, Central Insurers maintains that no such request was made. At worst, Central Insurers' business records support the inference that it negligently furnished proof of insurance to FHA rather than American General. Certainly those records support the plaintiffs' affidavit testimony that they contacted Central Insurers well before July 25, 2003. See note 6, supra.

[10] The Court makes no comment on the likelihood of recovery by plaintiffs as to the other state law theories upon which they base their demand relief.

Remand [13] is well-taken and should be granted.  An Order will issue accordingly.

This, the 1st day of September, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE